UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN THEISS, | ) | CASE NO. 5:11CV0787 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| BURGER KING RESTAURANT, et al., | ) | **ORDER** |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is plaintiff's motion to remand (Doc. No. 5) and defendants' memorandum in opposition (Doc. No. 6). No reply was filed.

Plaintiff argues in her motion that the case should be remanded to the Summit County Court of Common Pleas due to lack of complete diversity. She asserts that that John/Jane Doe Employees are "clearly citizens of Ohio." Plaintiff anticipates learning through discovery the exact identity of the Doe defendants, who are the actual persons who "negligently manufactured, inspected, prepared, tested, supplied, marketed, distributed, handled, cooked, and/or served 'chicken fries' and/or chicken products to Burger King customers [...]" at the relevant Burger King restaurant.

In opposition, defendants argue that diversity is determined at the time of the commencement of the lawsuit and that, under 28 U.S.C. § 1441(a), "[f]or purposes of removal [...], the citizenship of defendants sued under fictitious names shall be disregarded." Therefore, at the time the lawsuit was both filed and removed, there was complete diversity of citizenship.

The Court is of the view that plaintiff's motion is premature. Under 28 U.S.C. § 1447(e), should plaintiff succeed in amending the complaint by identifying the now fictitious defendants, if any of them are citizens of Ohio, this Court would then be required to remand. *See Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 541 (6th Cir. 2006), citing *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 674 (1st Cir. 1994) for the proposition that although § 1447(e) "relates expressly to joinder, the legislative history to the Judicial Improvements and Access to Justice Act of 1988 indicates that [it] applies also to the identification of fictitious defendants after removal." (citing H.R.Rep. No. 889, 100th Cong., 2d sess. 72-73 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033 ("Th[e] provision also helps to identify the consequences that may follow removal of a case with unidentified fictitious defendants.")). However, these defendants have not yet been identified and may never be. Therefore, it would be premature to remand where, as here, diverse citizenship existed at the time of removal and still exists to date.

Accordingly, plaintiff's motion to remand (Doc. No. 5) is **DENIED** without prejudice to renewal should plaintiff seek to amend by identifying the now fictitious defendants and thereby destroy diversity.[1]

**IT IS SO ORDERED**.

Dated: June 7, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] It is not a foregone conclusion that a later-filed motion to amend will be granted. The Court will have to consider any such motion in light of both 28 U.S.C. § 1447(e) *and* Fed.R.Civ.P. 19. In addition, should an amended complaint be permitted, the Court has the duty, with or without a motion to remand, to *sua sponte* address the question of subject matter jurisdiction. *Curry*, *supra*, 462 F.3d at 539-41; Fed.R.Civ.P. 12(h)(3).