UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN THEISS, | ) | CASE NO. 5:11CV0787 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| BURGER KING RESTAURANT, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is the motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(b)(6) and (c) filed by defendant Carrols Corporation on the ground that plaintiff's complaint fails to state a claim upon which relief can be granted. (Doc. No. 11.) Plaintiff has filed a brief in opposition (Doc. No. 12) and defendant filed a reply (Doc. No. 13). For the reasons discussed below, the motion is **GRANTED**.

## I. BACKGROUND

On March 23, 2011, plaintiff filed a complaint for personal injury and product liability in the Summit County Court of Common Pleas against defendants Burger King Restaurant, Carrols Corporation, Burger King Corporation, and John/Jane Doe Employees 1-10. Defendants Burger King Corporation and Carrols Corporation timely removed the case to this

Court on April 21, 2011.[1] On June 3, 2011, the parties stipulated to the dismissal of defendant Burger King Corporation. (Doc. No. 9.)

Plaintiff moved to remand on the ground that the John/Jane Doe defendants are "clearly citizens of Ohio." On June 7, 2011, the Court denied this motion as premature. On that same day, defendant Carrols Corporation ("Carrols") filed the instant motion.

## II. DISCUSSION

### A. Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is judged by the same legal standard as a Rule 12(b)(6) motion to dismiss. *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

[1] The Notice of Removal was filed on behalf of Burger King Corporation and Carrols Corporation, "improperly also identified in the complaint by the fictitious name and address 'Burger King Restaurant, c/o Risk Manager, 3199 Manchester Road, Akron, OH'[.]" (Doc. No. 1 at 1.) Defendant Burger King Restaurant has no representation listed on the docket and, presumably, does not actually exist as a legal entity.

129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

**B. Analysis**

Carrols argues in its motion that plaintiff's complaint does not meet the standard articulated by *Iqbal* and *Twombley*. In particular, Carrols asserts that the complaint "is devoid of sufficient and particularized factual allegations as required by F.R.C.P. 12 [sic] that are something more than mere conclusory allegations containing a formulaic recitation of the elements of each claim for relief." (Doc. No. 11 at 2.)

In opposition, plaintiff asserts that her complaint contains the "necessary factual allegations" and is "not subject to dismissal[.]" (Doc. No. 12 at 2.) Plaintiff points to the following allegations as argument that the complaint is "plausible on its face and contains the requisite factual content[.]" (*Id*. at 3.)

> 3. On or about June 13, 2009, Defendants John/Jane Doe Employees 1-10 while in the scope of their employment negligently manufactured, inspected, prepared, tested, supplied, marketed, distributed, handled, cooked, and/or served "chicken fries" and/or chicken products to Burger King customers and/or negligently supervised and/or caused the manufacturing, inspecting, preparing, testing, supplying, marketing, distributing, handling, cooking, and/or serving food to Burger King customers.
>
> 4. On or about June 13, 2009, Plaintiff purchased from Defendant Burger King Restaurant its "chicken fries" and/or chicken products which were prepared by Defendants, their agents, servants and/or employees, and

>    distributed to the general public and the Plaintiff, Jean Theiss, a consumer and business invitee.
>
> 8. On or about June 13, 2009, Plaintiff, after consuming the "chicken fries" and/or chicken products she purchased at Burger King Restaurant under her normal and foreseeable manner, sustained serious injuries to include the acute onset of food poisoning.
>
> 9. As a direct and proximate cause of the negligence and/or otherwise tortuous conduct of Defendants, their agents, servants, and/or employees, Plaintiff, Jean Theiss, was seriously and permanently injured, experienced pain, suffering and mental anguish; incurred the expenses of physicians, hospitals and other health care providers, sustained lost wages, and that her injuries are otherwise permanent in nature.

(Doc. No. 12 at 3.) Plaintiff asserts that defendant[2] admitted in its motion that paragraphs 3, 4, and 8 contain the necessary factual allegations. Defendant denies any such admission (*see* Doc. No. 13 at 2-3), asserting that it pointed to these three paragraphs to illustrate that they were the only paragraphs of the complaint containing *any* factual allegations.

The gravamen of plaintiff's complaint is that she purchased and consumed chicken fries at a Burger King restaurant and thereafter got food poisoning which caused her injury. That much seems clear. The fatal flaw in the complaint, from the Court's perspective, is that, although it alleges that Carrols, the only named and served defendant remaining, is a "duly authorized corporation[ ] doing business in the State of Ohio" (Compl. ¶ 1), it does not then link Carrols to the allegations of injury. Although it alleges that the John/Jane Doe defendants "while in the scope of their employment negligently manufactured, inspected, prepared, tested, supplied, marketed, distributed, handled, cooked, and/or served 'chicken fries' and/or chicken products to Burger King customers and/or negligently supervised and/or caused the manufacturing,

---

[2] Throughout her opposition, plaintiff refers to the movant, Carrols, as "defendants." Her opposition suffers from one of the same flaws as her complaint -- she groups everyone together under the term "defendants" and fails to allege facts specific to each (or to any) defendant. The instant motion was filed by one defendant -- Carrols.

4

inspecting, preparing, testing, supplying, marketing, distributing, handling, cooking, and/or serving food to Burger King customers[,]" (Compl. ¶ 3), it never states that the Doe defendants were employed by Carrols (or any other defendant). The mere fact that a defendant may be authorized to do business in Ohio does not provide the basis for assuming that the Doe defendants were working for any of the other defendants. Nor does paragraph 4 of the complaint clear that up when it alleges that plaintiff purchased "from Defendant Burger King Restaurant" the products "which were prepared by Defendants, their agents, servants and/or employees, and distributed to the general public[,]" including plaintiff. (Compl. ¶ 4.) Paragraph 4 still does not make clear that any of the Doe defendants was an agent, servant or employee of Carrols. While it is possibly true that all of the Doe defendants did exactly what the complaint alleges, and the Court must assume so for purposes of a motion to dismiss, that does not establish that Carrols is responsible for their actions in any way. There are simply no allegations in the complaint that sufficiently link Carrols to the injury alleged therein.

In sum, the question that is not cleared up by the "short and plain statement" of the complaint is whether Carrols Corporation has any relationship to Burger King (in any form) and/or the Doe defendants such that it would (or might) be liable for the actions of those other defendants. A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Here any such factual content is missing with respect to Carrols.

Plaintiff argues that, if her complaint is deficient, she should be permitted to amend it. Presumably, an amended complaint could make clear whether Carrols has any relationship to the Burger King restaurant where plaintiff alleges her injury occurred and,

5

therefore, would arguably be responsible for the actions of some or all of the John/Jane Doe defendants. That might correct some of the complaint's deficiencies.

One problem the Court perceives with allowing an amended complaint at this stage is that the original complaint seems to suggest that there is not only liability for preparing, handling, cooking, and serving a defective product, but also for manufacturing, inspecting, testing, supplying, and marketing the product. Some of the Doe defendants would have been the persons who prepared, handled, cooked and served the allegedly offending product, arguably making Carrols liable if Carrols employed those defendants; but others who did the manufacturing, inspecting, testing, supplying and marketing may not (and likely do not) have any connection to Carrols other than being in its overall chain of commerce. Since *Iqbal* expressly forbids allowing a plaintiff to engage in discovery so as to find facts sufficient to draft a complaint showing entitlement to relief, *see*, *Iqbal*, 129 S.Ct. at 1954 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise"), amending the complaint now to correct a problem relating only to Carrols seems futile. *See also*, *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, No. 10-5100, 2011 WL 2448909, at *3 (6th Cir. June 21, 2011) ("The plaintiff may not use the discovery process to obtain [facts to support her allegations] after filing suit. The language of *Iqbal,* 'not entitled to discovery,' is binding on the lower federal courts."). Therefore, the Court is of the view that dismissal without prejudice is the better route.[3]

---

[3] In *NewAlbany Tractor*, the court affirmed the district court's dismissal with prejudice, concluding that "[t]he district court gave the plaintiff substantial additional time to come up with more specific evidence[.]" 2011 WL 2448909, at * 5. That suggests to this Court that plaintiff should be allowed an opportunity to "come up with more specific evidence." However, the case need not remain pending while plaintiff does that.

### III. CONCLUSION

For the reasons discussed above, the motion (Doc. No. 11) of defendant Carrols Corporation to dismiss for failure to state a claim is **GRANTED**. Dismissal is, however, without prejudice. Further, to the extent plaintiff seeks leave to amend her complaint, that request is denied, also without prejudice to her right to bring another action in this or another court.

**IT IS SO ORDERED**.

Dated: July 20, 2011

                **HONORABLE SARA LIOI**
                **UNITED STATES DISTRICT JUDGE**